IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER GRANTING MOTION TO** |
| ) | **RECONSIDER ORDER OF DETENTION** |
| vs. ) | |
| ) | |
| Roderick Elton Jon Mongram, ) | Case No. 1:24-cr-207 |
| ) | |
| Defendant. ) | |

On March 24, 2025, finding there were no presently available conditions that would reasonably assure Defendant's appearance or ensure the safety of other persons or the community, the court issued an order detaining Defendant pending trial. (Doc. No. 18).

On April 8, 2025, Defendant filed a Motion for Reconsideration of Order of Detention. (Doc. No. 21). Advising that he has secured a placement in a residential treatment program at the Good Road Recovery Center in Bismarck, North Dakota, he requests to be released as soon as practicable so that he can travel to the Good Road Recovery Center and begin treatment.

A detention hearing may be reopened "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

The availability of a placement at the Good Road Recovery Center is new information and has a material bearing on the issue of detention. Having consulted with the Pretrial Services Office, the court finds that the placement of Defendant will sufficiently mitigate the danger and risk of flight poses by Defendant.

1

Accordingly, the **GRANTS** Defendant's motion. (Doc. No. 21). Defendant shall be released to a representative of the Good Road Recovery Center no earlier than 10:00 AM on April 10, 2025, for transport to the Good Road Recovery Center. Defendant's release shall be subject to the following conditions:

(1) Defendant shall not violate federal, state, tribal, or local law while on release.

(2) Defendant shall appear in court as required and surrender for any sentence imposed.

(3) Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test.

(4) Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to North Dakota.

(5) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(6) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(7) Defendant shall not knowingly or intentionally have any direct or indirect contact with the alleged victim, except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(8)   Defendant shall reside at the Good Road Recovery Center, fully participate in its treatment programming, and comply with all of its rules and regulations.

(9)   Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from the Good Road Recovery Center OR to communicate with the Good Road Recovery Center about his progress in the treatment program.

Any passes allowed by the Good Road Recovery Center must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from the Good Road Recovery Center, he must immediately surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment programming, Defendant must advise the Pretrial Services Officer of his anticipated completion date so the court may schedule a hearing to review his release status.

If Defendant successfully completes the treatment program, the Pretrial Services Officer may approve Defendant's transition to an appropriate sober living home.

(10)  Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer.  Failure to submit to a search may be grounds for revocation of his release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

(11)  Defendant shall not obtain a passport and other foreign travel document(s).

(12)  Defendant must report as soon as possible, to the Pretrial Service Office or his supervising Pretrial Service Officer, every contact with law enforcement personnel,

including arrests, questioning, or traffic stops.

If Defendant cannot be transported to the Good Road Recovery Center as anticipated on April 10, 2025, he shall remain in custody pending further order.

**IT IS SO ORDERED.**

Dated this 9th day of April, 2025.

/s/ *Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court