**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED ORDER GRANTING MOTION** |
| | ) | **FOR RELEASE FROM CUSTODY** |
| vs. | ) | |
| | ) | |
| Roderick Elton Jon Mongram, | ) | Case No. 1:24-cr-207 |
| | ) | |
| Defendant. | ) | |

On April 9, 2025, the undersigned issued an order conditionally releasing Defendant to the Good Road Recovery Center ("Good Road") for treatment. (Doc. No. 22). On July 16, 2025, the undersigned issued an order modifying Defendant's release conditions to permit him to transition to and reside at the F5 Project's facility in Bismarck, North Dakota. (Doc. No. 29). On August 18, 2025, after Defendant had admittedly violated his release conditions, the undersigned issued an order revoking Defendant's release and remanded Defendant to the custody of the United States marshal. (Doc. No. 38).

On September 9, 2025, Defendant entered a guilty plea to the offense charged in Count One of his Indictment. (Doc. No. 40). The Court deferred acceptance of Defendant's plea until sentencing. (Id.).

On October 30, 2025, the undersigned issued an order conditionally releasing Defendant to the White Horse Lodge, a sober living facility located in Roseglen, North Dakota. (Doc. No. 43). On December 2, 2025, Defendant was charged in a petition with violating his release conditions and a warrant for his arrest was issued.  (Doc. Nos. 44 and 45). He was arrested on March 17, 2026. (Doc. No. 52). The following day he appeared before the undersigned and was ordered detained pending further hearing. (Doc. No. 56).  He subsequently filed a waiver of his right to further

hearing and was ordered detained pending final disposition of this matter. (Doc. No. 58 and 59).

On April 1, 2026, the Court convened Defendant's sentencing hearing. (Doc. No. 60). During the hearing, Defendant moved for a continuance so that he could pursue treatment. (Id.). There being no objection from the United States, the Court granted Defendant's motion and continued the sentencing hearing until October 1, 2026. (Doc. Nos. 60 and 61).

On March 15, 2026, Defendant filed a Motion for Release from Custody. (Doc. No. 62). Therein he requested to be released to a Good Road sober living facility.

The undersigned **GRANTS** Defendant's Motion for Release from Custody (Doc. No. 62). Defendant shall be released to a representative of Good Road no earlier than 8:30 AM on April 21, 2026, for transport to a Good Road sober living facility. Defendant's release shall be subject to the following conditions:

.(1)    Defendant shall not violate federal, state, tribal, or local law while on release.

(2)    Defendant shall appear in court as required and surrender for any sentence imposed.

(3)    Defendant shall refrain from the use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless prescribed by a licensed medical practitioner, any use of medical marijuana, and any use of inhalants. Defendant shall submit to drug/alcohol screening at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test.

(4)    Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to North Dakota.

(5)    Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

(6)    Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

(7)    Defendant shall report to and reside at Good Road, fully participate in its programming, and comply with all of its rules and regulations.

(8)    Defendant shall not knowingly or intentionally have any direct or indirect contact with witness(es), or co-defendant(s), except that counsel for Defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of Defendant's legal defense.

(9)    Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Good Road and communicate to Good Road about his progress there.

Any passes from Good Road must be approved by the Pretrial Services Officer.

If for any reason Defendant is terminated from Good Road, he must immediately surrender to the custody of the United States Marshal.

At least 96 hours prior to anticipated completion of the treatment program, Defendant must advise the Pretrial Services Officer of his anticipated completion date so the court may schedule a hearing to review Defendant's release status.

(10)    Defendant shall submit his person, residence, vehicle, and/or possessions to a search conducted by a Pretrial Services Officer at the request of the Pretrial Services Officer.  Failure to submit to a search may be grounds for revocation of his release. Defendant shall notify any other residents that the premises may be subject to search pursuant to this condition.

3

(11)    Defendant shall surrender any passport and other foreign travel document(s) to the United States Probation and Pretrial Services Office.

(12)    Defendant shall not obtain a passport and other foreign travel document(s).

(13)    Defendant must report as soon as possible, to the Pretrial Service Office or his supervising Pretrial Services Officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

If Defendant cannot be transported to Good Road as anticipated on April 21, 2026, he shall remain in custody pending further order.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2026, nunc pro tunc.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

4